```
            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

IN RE:                         §
                               §
CARROLL THOMAS HARKNESS,       §
                               §
          Debtor.              §
_____§
                               §
NCI BUILDING SYSTEMS, LP.,     §
                               §
          Appellant,           §
                               §
VS.                            §   NO. 4:05-CV-402-A
                               §
CARROLL THOMAS HARKNESS,       §
                               §
          Appellee.            §
```

## MEMORANDUM OPINION and ORDER

This action comes before the court as an appeal from an order of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Russell Nelms presiding. The court, having considered the briefs of appellant, NCI Building Systems, LP, and appellee, Carroll Thomas Harkness (hereinafter "debtor"), the record on appeal, and applicable authorities, finds that the bankruptcy court's order should be affirmed.

I.

### Jurisdiction

This is an appeal from an order made in conjunction with a judgment confirming a Chapter 13 plan, finding that appellant's claims against the debtor were unliquidated under 11 U.S.C. §

109(e). This court's jurisdiction exists pursuant to 28 U.S.C. § 158.

II.

Underlying Proceedings

Appellant filed a state court lawsuit against debtor, a former employee, alleging that he had embezzled monies from appellant. Appellant asserted causes of action for breach of fiduciary duty, conversion, constructive trust, embezzlement, and misappropriation. Days before his summary judgment response in the state court was due, debtor filed his petition for relief under Chapter 13 of the United States Bankruptcy Code.

Appellant filed a proof of claim, subsequently amended on two occasions, ultimately claiming unsecured debt in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) and secured debt in the amount of One Million One Hundred Eighty-Eight Thousand Two Hundred Ninety-Nine and 97/100 Dollars ($1,188,299.97). R. at 238. Debtor filed his objection to appellant's claims, arguing that they were contingent and unliquidated. Id. at 54-57. The bankruptcy court sustained debtor's objections and finding that appellant's claims were both unliquidated and contingent. Id. at 91-92.[1] Appellant filed a motion for reconsideration to which debtor responded. On April

---

[1] The parties refer to a hearing conducted March 2, 2005, but a transcript of that hearing is not part of the appeal record. Moreover, the bankruptcy court's order on debtor's objection to claims does not reflect that a hearing was held, but merely that the matter came on for consideration "[o]n this day." The order was signed March 21, 2005.

2

21, 2005, the bankruptcy court heard the motion for reconsideration, found "no basis for the relief requested" and denied the motion. Id. at 120.[2]  From the order, appellant appeals.

III.

Issue on Appeal

The sole issue on appeal is whether appellant's claims for misappropriation of corporate opportunity were liquidated, so as to disqualify debtor from proceeding under Chapter 13.

IV.

Standard of Review

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to de novo review. Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.), 785 F.2d 1249, 1252 (5th Cir. 1986).  Findings of fact, however, will not be set aside unless clearly erroneous. Bankr. R. 8013; Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 783 F.2d 1283, 1287 (5th Cir. 1986).  A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. Id.  The mere fact that this court would have weighed the evidence differently if sitting as the trier of fact is not sufficient to set aside the

---

[2]Appellant describes the bankruptcy court's rulings and rationale for same, but the record does not contain a transcript of the hearing or any order making such rulings or findings.

3

bankruptcy court's order if that court's account of the evidence is plausible in light of the record viewed in its entirety. <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573-74 (1985).

V.

Discussion

At the time debtor filed his Chapter 13 petition, only an individual with regular income who owed, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) and non-contingent, liquidated, secured debts of less than Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) could be a debtor under Chapter 13. 11 U.S.C. § 109(e). Appellant takes the position that debtor did not qualify for Chapter 13, because appellant's claims are not contingent or unliquidated. The burden was on appellant to show that debtor did not meet the § 109 debt limit. <u>In re Horne</u>, 277 B.R. 320, 322 (Bankr. E.D. Tex. 2002).

Courts agree that a debt is liquidated if the amount of the claim has been ascertained or can readily be calculated, whether contested or not. <u>Id.</u> at 323. Specifically:

> A debt is liquidated if the amount due and the date on which it was due are fixed or certain, or when they are ascertainable by reference to (1) an agreement or (2) to a simple mathematical formula.

<u>Id.</u> (quoting <u>In re Visser</u>, 232 B.R. 362, 364-65 (Bankr. N.D. Tex. 1999)). If, however, judgment, discretion, or opinion is required to determine the amount of the claim, it is unliquidated. <u>Id.</u> at 325-26. The Fifth Circuit has recognized

4

that debts based on tort are generally unliquidated until resolved by judicial decree or otherwise, because the plaintiff's damages are not fixed.  Denham v. Shellman Grain Elevator, Inc., 444 F.2d 1376, 1380 (5th Cir. 1971); In re Pulliam, 90 B.R. 241, 246 (Bankr. N.D. Tex. 1988).  In the case at hand, as in In re Robertson, 143 B.R. 76 (Bankr. N.D. Tex. 1992), appellant has the burden of proving factual predicate for its claims.  Thus, they are unliquidated.  Appellant has not shown that the bankruptcy court erred in its rulings.

## VI.

### Order

For the reasons discussed herein,

The Court orders that the order of the bankruptcy court from which appeal is taken be, and is hereby, affirmed.

SIGNED August 18, 2005.

       /s/ John McBryde  
      JOHN McBRYDE  
      United States District Judge

5